## PORTLAND *v.* GRAHS.

(160 Pac. 375.)

**Criminal Law—Appeal—Incomplete Record.**

1. On appeal from judgment of the Circuit Court dismissing complaint against defendant for violation of a city ordinance after conviction by the municipal court, where the only papers before the court were a copy of the original complaint, judgment in the municipal court, notice of appeal to the Circuit Court and the undertaking, the judgment of the Circuit Court, the notice of appeal on behalf of the state and its undertaking, the Supreme Court cannot determine whether the decision of the Circuit Court was erroneous.

**Criminal Law—Appeal—Decision.**

2. On the city's appeal from judgment of the Circuit Court holding unconstitutional an ordinance under which defendant had been convicted in municipal court, the Supreme Court must affirm, though the ordinance was constitutional, if the facts disclose that defendant was innocent, since a sound ruling of the Circuit Court as to guilt or innocence must be sustained, notwithstanding the Supreme Court's dissent from the reasons upon which it was made.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.    Statement by MR. JUSTICE BURNETT.

In the municipal court of the City of Portland the defendant was convicted of the violation of a certain ordinance relating to the height of fences. He appealed to the Circuit Court. The result of the hearing in that tribunal was the following judgment:

81 Or.—35

"Now at this time this matter coming on for hearing, upon appeal from the municipal court of the City of Portland, wherein the defendant was fined the sum of $25 for a violation of Section 483 of Ordinance No. 29,916, being entitled an ordinance amending Section 483 of Ordinance No. 21,455, as heretofore amended, and the facts having been stipulated herein, and the court having considered said ordinance and the facts, as stipulated, and being fully advised in the premises, finds that said Section 483 of said ordinance is unconstitutional and void, and it is therefore hereby considered, ordered and adjudged that the said complaint or action filed herein against the defendant be and the same is hereby dismissed, and it is further ordered and adjudged that the defendant's bondsmen be and he is released from further liability herein."

The city has appealed.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. Walter P. La Roche,* City Attorney, and *Mr. Stanley Myers,* Deputy City Attorney, with an oral argument by *Mr. Myers.*

For respondent there was a brief over the name of *Messrs. Wilson, Neal & Rossman,* with an oral argument by *Mr. Oscar A. Neal.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1, 2. There is no bill of exceptions. All we have before us is a copy of the original complaint in the municipal court; the judgment there; the notice of appeal to the Circuit Court and its attendant undertaking; the judgment of the latter tribunal already quoted; and the notice of appeal on behalf of the city, with its undertaking. In such a condition of the record we cannot determine whether the decision was erroneous or not. It may have been that the facts

stipulated did not disclose an offense against the municipal enactment. We are not concerned with the reason given by the court for its conclusion. If, indeed, the facts disclosed that the defendant was innocent, we would be compelled to uphold the decision of the Circuit Court, although the judge put it on the ground that the defendant was baldheaded, and hence entitled to favorable consideration. In paraphrase upon the language of Mr. Justice FIELD in *Pennoyer v. Neff*, 95 U. S. 714, 722 (24 L. Ed. 565), if this position is sound, the ruling of the Circuit Court as to the guilt or innocence of the defendant must be sustained, notwithstanding our dissent from the reasons upon which it was made. It is the duty of the appellant to put his finger on substantial error in the judgment as a result of the trial. It avails him nothing to quarrel with the argument of the court if the final determination may be right.

Owing to the paucity of the record, we cannot settle whether the ultimate conclusion of the court was erroneous or not, and hence the judgment must be affirmed.                                    AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BENSON concur.